Thompson, J.
delivered the opinion of the Court.
The motion to quash the indictment because of the omission of the words of the statute “ but not feloniously” was properly overruled. They form no element or ingredient of, and constitute no part of the description or definition of the offence. Nor are they to be likened to the exceptions and provisoes sometimes found in the body of a statute, which, according to the precedents, must be inserted in, or negatived by, the indictment. Whether inserted or omitted, the offence charged and the evidence to support it are the same, to wit, a trespass amounting to a misdemeanor, and not a felony. It is the opinion of the Court that the words were not employed by the statute as descriptive of the offence, but inserted out of abundant caution to exclude the possible conclusion or inference that the Legislature intended thereby to confound malicious trespasses with felonies; or to make them concurrent prosecutions of kindred offences, whereby a conviction of the trespass or lesser offence would be pleadable in bar of the felony, or higher offence. Judge Field concurs with us upon this point; he thinks the Court in Howard's Case, 11 Leigh 632, has so decided the question.
Upon the 2d error assigned, the Court is of opinion that it must be presumed from what appears on the record that the Court below discharged the first jury that was empanneled and sworn for sufficient cause, to wit, inability to agree in a verdict; and in the absence of any bill of exceptions or objection entered on the record, if not with the express consent, with the acqui *667 escence of the defendant. But had the defendant objected, there would have been no error, not only because the power of the Court to discharge the jury in a case of misdemeanor, without and against the consent of the defendant, has been too long and too well settled in Yirginia, in England, and some, if not all, the States of the Union, to be now questioned; but because the act of 14th March 1848, Sess. Acts 3847-8, pa. 150, which was in force and applicable quoad hoc, when the first trial occurred, expressly gives the power to the Court in all criminal cases.
Upon the 3d and last error assigned, we are of opinion that the Circuit court erred in overruling the motion for a new trial, because it appears to us that the verdict was against the law and the evidence. Of the property, which is the subject of the alleged trespass, the defendant was the general fee simple owner, by purchase from Hardesty, the former owner. The prosecutor was at most a bailee, having a special or qualified property. A controversy arose between them as to the right of the prosecutor to retain the property until paid the expenses of keeping, and as to the quantum or proper charge for these expenses. The defendant, the owner, without a breach of the peace, took possession of his property ; leaving the prosecutor to his legal remedy against himself or Hardesty, which ever was liable for his demand. It certainly was not the purpose of the act of February 3823, upon which this prosecution is founded, to convert every civil injury, by trespass to real or personal property, into an indictable misdemeanor ; but it was intended to apply to acts of trespass upon the property of another, committed knowingly and wilfully, but not feloniously ; which the Court interprets to mean, without colour of title or claim of right, bona fide, and not feigned or pretended for the occasion. If the defendant did not commit the alleged trespass knowingly and wilfully upon the property of the prose *668 cutor, but on the contrary, believed it to be his own, and that he had a bona fide right to it, he was not amenable to prosecution for a misdemeanor, under the act °f February 1823; though he may have been guilty of a civil trespass. A majority of the Court is of opinion that the facts certified in this case did not warrant the jury in finding a verdict of guilty, because these facts certainly do not establish that the defendant took possession of and carried away property of the prosecutor wilfully, without bona fide colour of title or claim of right, and knowing or believing it was not his own. Therefore the judgment is to be reversed, the verdict set aside, and the cause remanded, for a new trial to be had therein, in conformity with the foregoing opinion of the Court.